UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:03 CV-41-H(4)

| | |
|---|---|
| TERRY ELLIS, ROSALIE WHITLEY, and GLORIA YOUNG, <br><br> Plaintiffs, <br><br> vs. <br><br> WEST PHARMACEUTICAL SERVICES, INC., and THOMAS CLAGON, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) **NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE TITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants West Pharmaceutical Services, Inc. ("West") and Thomas Clagon ("Clagon") (collectively, "Defendants") hereby remove to this Court the above-captioned case initially filed in the General Court of Justice, Superior Court Division, for the State of North Carolina, County of Craven, Civil Case No. 2003 CVS 314. Defendants respectfully state in support of this notice:

### THE COMPLAINT

1. Plaintiffs filed the Complaint on or about February 24, 2003 against Defendants. West received service on February 28, 2003. Clagon received service on March 3, 2003. A copy of all process, pleadings, and orders served on Clagon is attached as Exhibit "A".

2. The Complaint alleges that Plaintiffs suffered various property damages and personal injuries as a result of an explosion at a manufacturing facility operated by West and managed by Clagon, a West employee. The causes of action asserted against the defendants are two varieties of negligence (ordinary negligence and negligence under the doctrine of res ipsa

loquitur), liability under Woodson v. Rowland, 329 N.C. 330, 407 S.E.2d 222 (1991), and strict liability arising from ultrahazardous activities. Complaint at ¶¶ 18-29. Plaintiffs seek certification of a class consisting of all "persons or entities residing in or located in, or owning or operating business, in Kinston, Lenoir County and Craven County, North Carolina, at the time of the explosion and fire at the West Pharmaceutical Services plant, in Kinston North Carolina, on January 29, 2003, who or which sustained legally compensable damages, and are entitled to exemplary damages, as a result of said explosion. . . ." Complaint at ¶ 41. Plaintiffs seek compensatory and punitive damages in excess of $10,000, as well as prejudgment and postjudgment interest at the maximum legal rate and attorney fees. Complaint at ¶¶ 33-35, p. 15.

## TIMELINESS OF REMOVAL

3. Defendants were served with a summons and complaint on or after February 28, 2003. Accordingly, this removal is timely because Defendants have filed for removal within the thirty days allotted for removal under 28 U.S.C. § 1446(b). See McKinney v. Board of Trustees of Maryland Community College, 955 F.2d 924 (4th Cir. 1992) (each individual defendant has thirty days from date the defendant is served to file or join petition for removal).

## BASIS FOR FEDERAL JURISDICTION

4. The basis for jurisdiction in this Court is diversity of citizenship under 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship

#### i. Plaintiffs

5. Plaintiffs are individuals who reside in Lenoir County, North Carolina and are citizens of North Carolina. See Complaint at ¶ 2.

### ii. Defendants

6. West is a Pennsylvania corporation with its principal place of business in Pennsylvania. See Affidavit of John Gailey, attached hereto as Exhibit "B".

7. Clagon is a resident of North Carolina. However, Clagon is fraudulently joined in this case because there is "no possibility" that Clagon can be liable to Plaintiffs for the reasons set forth below. Pursuant to the doctrine of fraudulent joinder, Clagon's citizenship must therefore be disregarded for purposes of determining whether diversity jurisdiction exists in this case.

#### a. Fraudulent joinder as to Clagon

8. The doctrine of fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. It permits a federal court to disregard the citizenship of a non-diverse defendant for purposes of determining whether the parties are completely diverse under 28 U.S.C. § 1332. See Mayes v. Rapoport, 198 F.3d 457 (4th Cir. 1999). The doctrine permits the court to assume jurisdiction, dismiss the nondiverse defendants, and thereby retain jurisdiction over the case. Id. To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is "no possibility" that the plaintiff would be able to establish a cause of action against the non-diverse defendant in state court. See Hartley v. CSX Transportation, Inc., 187 F.3d 422, 424 (4th Cir. 1999).

9. Here, Defendants do not contend that Plaintiffs engaged in outright fraud in their pleading of jurisdictional facts. Rather, Defendants contend that there is "no possibility" that Plaintiffs will be able to prove their claims against Clagon. Plaintiffs have asserted four causes of action against Clagon: two varieties of negligence (ordinary negligence and negligence under the doctrine of res ipsa loquitur), liability under Woodson v. Rowland, 329 N.C. 330, 407 S.E.2d 222

(1991), and strict liability arising from ultrahazardous activities. Plaintiffs also have also sought punitive damages and class action certification, but these are not causes of action that can serve as independent bases of liability and need not be addressed here.

10. The negligence claims have "no possibility" of success against Clagon because Clagon only performed general administrative functions as Plant Manager and did not have personal responsibility for the alleged corporate wrongs. See Affidavit of Thomas Clagon, dated March 27, 2003, attached hereto as Exhibit "C". North Carolina law clearly provides that one is not liable for the torts of the corporation merely by virtue of his office and is liable only if he personally participated in the tort. See Wolfe v. Wilmington Shipyard, Inc., 135 N.C. App. 661, 522 S.E.2d 306 (1999) (president not liable because he had no personal responsibility for duties related to alleged wrongs).

11. Federal courts have repeatedly held that there is no possibility of success in tort claims against employees who performed general administrative functions and did not have personal responsibility for the alleged corporate wrong. See, e.g., Alexander v. Electronic Data Systems Corp., 870 F. Supp. 749 (E.D. Mich. 1994) (employees fraudulently joined where employees did not owe personal duty to plaintiffs and alleged wrongs are all corporate wrongs); Kimmons v. IMC Fertilizer, Inc., 844 F. Supp. 738 (M.D. Fla. 1994) (plant manger fraudulently joined in case given evidence that plant manager did not directly participate in the accident). As stated by the district court in Kimmons, an employee "does not incur personal liability for torts merely by reason of his official character; he is not liable for torts by and for the corporation unless he has participated in the wrong." See Kimmons, 844 F. Supp. at 739. These authorities apply directly to the instant case. As demonstrated by his affidavit, Clagon was a businessman with general administrative duties as Plant Manager and was not personally responsible for

supervision of or performance of any specific duties related to the alleged corporate wrongs. The negligence claims against Clagon have no possibility of success and do not stand in the way of removal.

12. The Woodson claim has no possibility of success against Clagon (as well as West) because Plaintiffs are not West employees. In Woodson v. Rowland, 329 N.C. 330, 407 S.E.2d 222 (1991), the North Carolina Supreme Court permitted an employee to bring a claim against an employer where the employer "engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct . . . ." Woodson., 329 N.C. at 340-41, 407 S.E.2d at 228. Woodson is an exception to the general rule that the Workers' Compensation Act is the sole remedy for injured employees. A Woodson claim against Clagon is facially invalid for two reasons. First, the plaintiffs have not alleged that they are West employees and so they lack standing to assert a Woodson claim. Second, Woodson claims are by definition directed against employers and not fellow employees. Even if Plaintiffs were West employees, Clagon would not be the subject of a so-called "Woodson" claim.

13. The strict liability claim has no possibility of success against Clagon (as well as West) because the activities alleged in the complaint are not considered "ultrahazardous" under North Carolina law. Plaintiffs' claim is based on allegations that the defendants conducted ultrahazardous activities regarding the handling of allegedly dangerous chemicals. In North Carolina, only blasting operations are considered ultrahazardous and subject to strict liability. Kinsey v. Spann, 139 N.C. App. 370, 533 S.E.2d 487 (2000). The conduct alleged in the complaint is subject at most to negligence analysis under North Carolina law. See id. Further, as noted in the Clagon Affidavit, Clagon did not handle the allegedly dangerous chemicals, did not

directly supervise those who did, and did not establish the procedures used by West employees in keeping, handling, or using those chemicals. See Clagon Affidavit at ¶ 7.

14. In summary, none of the causes of action asserted by Plaintiff have any possibility of success against Clagon, whose citizenship must be disregarded under the doctrine of fraudulent joinder for purposes of determining whether diversity jurisdiction exists in this case.

**B. Amount in Controversy**

15. The damages allegedly suffered by Plaintiffs include "death; past, present, and future physical injuries; past, present and future property damage; past, present and future psychological injuries, including mental anguish, emotional distress, mental pain and suffering, and fear and fright; evacuation, and inconvenience, alone with consequently special damages, including past, present and future medical expenses, diminished property values, lost earnings and wages, lost profits from businesses, cleaning and repair expenses, damages for wrongful death pursuant to N.C.G.S. 28A-18.2, and other related damages to be shown at the trial of this matter." Complaint at ¶ 13. These alleged damages specifically include "physical damage to their residence such as blown out and shattered windows and other damage to personal items in the home damaged as a result of the force of the explosion." Complaint at ¶ 6. Defendants are advised by Plaintiffs' counsel that Plaintiffs also claim personal injuries from exposure to toxic chemicals. These damages are alleged to at least exceed $10,000. Complaint at p.15.

16. The Complaint also seeks punitive damages, which are properly included in the amount-in-controversy calculation. See Feldstein v Nash Community Health Services, Inc., 51 F. Supp. 2d 673, 679 (E.D.N.C. 1999); Griffin v. Holmes, 843 F. Supp. 81 (E.D.N.C. 1993).

17. Taking the alleging compensatory and punitive damages as a whole, the amount-in-controversy in this case exceeds the $75,000 threshold required to remove this action to this

United States District Court under 28 U.S.C. § 1332. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586, 590 (1938) (removal proper in the absence of "legal certainty" that the claim is for less than jurisdictional amount).

## PROVIDING NOTICE TO STATE COURT

18. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of the General Court of Justice of Craven County, North Carolina. A copy of the unexecuted Notice of Filing of Notice of Removal is attached hereto as Exhibit "D".

This the 28th day of March, 2003.

*Frederick R.*
Frederick W. Rom, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
P.O. Box 13069
Research Triangle Park, NC 27713
(919) 484-2300

Rodney Pettey, Esq.
YATES, MCLAMB & WEYHER, LLP
One Hanover Square
421 Fayetteville Street Mall, Suite 1200
Raleigh, NC 27601
(919) 835-0900

Sean P. Wajert, Esq.
DECHERT, LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

*Attorneys for Defendants West Pharmaceutical Services, Inc. and Thomas Clagon*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Notice of Removal** was sent by first class U.S. mail, postage prepaid, on the 28th day of March, 2003 to all counsel of record at the addresses noted below:

**ADDRESSEES:**

Donald J. Dunn
245 Craven Street
P.O. Drawer 1574
New Bern, NC 28563
*Counsel for Plaintiffs*

Calvin C. Fayard
D. Blayne Honeycutt
Robert V. Reech
Fayard & Honeycutt
519 Florida Ave., SQ
Denham Springs, LA 70726
*Counsel for Plaintiffs*

Henry T. Dart
Henry Dart, Attorneys at Law
510 N. Jefferson Street
Covington, LA 70433
*Counsel for Plaintiffs*

Allen Usry
Usry, Weeks & Matthews
1717 St. Charles Ave.
New Orleans, LA 70130
*Counsel for Plaintiffs*

/s/ Frederick R.
_____
Frederick W. Rom

# Note:

## This Is Only A Partially Scanned Document.

## Please See The Case File For Attachments, Exhibits, Affidavits Or Other Material Which Has Not Been Scanned.