FILED
APR 22 2003
DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP. CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:03-CV-41-H(4)

| | |
|---|---|
| TERRY ELLIS, ROSALIE WHITLEY, and GLORIA YOUNG,<br><br>    Plaintiffs,<br><br>vs.<br><br>WEST PHARMACEUTICAL SERVICES, INC., and THOMAS CLAGON,<br><br>    Defendants. | **WEST PHARMACEUTICAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT** |

The Defendant, West Pharmaceutical Services, Inc. ("West"), through its counsel, hereby states by way of answer to Plaintiffs' Complaint as follows:

1. West admits that there was an explosion and fire which occurred on Wednesday, January 29, 2003 at West's plant located on Rouse Road Extension in Kinston, North Carolina. The remaining allegations of this paragraph set forth legal conclusions to which no response is needed. If a response is deemed required, denied.

2. West has insufficient knowledge or information to form a belief as to the veracity of the allegations contained in this paragraph, and therefore the allegations are denied and proof thereof demanded.

3. Upon information and belief, it is admitted that two of the people who perished were residents of Craven County. As to the remaining allegations, West has insufficient knowledge or information to form a belief as to the veracity of those allegations, and therefore they are denied and proof thereof demanded.

1

4. The allegations of this paragraph set forth legal conclusions, to which no response is needed. If a response is deemed required, denied.

5. The allegations of this paragraph set forth legal conclusions, to which no response is needed. If a response is deemed required, denied.

6. West has insufficient knowledge or information to form a belief as to the veracity of the allegations contained in this paragraph, and therefore the allegations are denied and proof thereof demanded.

7. West admits it is a Pennsylvania corporation with a principal place of business located at 101 Gordon Drive, Lionville, Pennsylvania 19341. It further admits it is licensed to do business in North Carolina and that it previously conducted business at its facility on Rouse Road Extension in Kinston, North Carolina. Except as admitted, denied.

8. West admits that Thomas Clagon is a resident of Lenoir County, North Carolina and that he was the plant manager of the West plant located in Kinston, North Carolina. The remaining allegations are denied.

9. West admits that as of the date of the incident that it owned, maintained and operated a plant in Kinston, North Carolina. As to the remaining allegations, West has insufficient knowledge or information to form a belief as to the veracity of those allegations and therefore they are denied and proof thereof demanded.

10. West admits that Thomas Clagon was an employee of West for some period of time prior to the date of the incident. It is denied that Thomas Clagon was a servant or agent of West. To the extent the remaining allegations of this paragraph set forth legal conclusions, no response is needed. If a response is deemed required, denied. As to the remaining allegations,

2

West has insufficient knowledge or information to form a belief as to the veracity of those allegations and therefore they are denied and proof thereof demanded.

11. West admits that its Kinston facility consisted of two plants, one of which was called the Automated Compound System area, which manufactured rubber materials used in medical device components. The other plant was used for the molding, finishing and trimming of the components produced. It is further admitted that various chemicals used in the plant operation were stored at the plant. Except as otherwise admitted, denied.

12. Denied as stated.

13. West admits that during the afternoon of January 29, 2003, there was an explosion and fire at its plant located in Kinston, North Carolina. As to the remaining allegations, West has insufficient knowledge or information to form a belief as to the veracity of those allegations, and therefore they are denied and proof thereof demanded.

14. Denied as stated.

15. West denies that the explosion and fire resulted from the failure of West personnel to exercise due care in their action. As to the remaining allegations, West has insufficient knowledge or information to form a belief as to the veracity of those allegations and therefore they are denied and proof thereof demanded.

16. Denied as stated.

17. The allegations of this paragraph set forth legal conclusions, to which no response is needed. If a response is required, denied.

## FIRST CLAIM FOR RELIEF
### (NEGLIGENCE)

18. West incorporates its responses to paragraphs 1 through 17 of the Plaintiffs' Complaint as if fully set forth herein.

3

19. Denied.

20. Denied.

## SECOND CLAIM FOR RELIEF
## (NEGLIGENCE OF CLAGON)

21. West incorporates its responses to paragraphs 1 through 20 of the Plaintiffs' Complaint as if fully set forth herein.

22. As the allegations of this paragraph are directed against another party, no response is needed. If a response is deemed required, denied.

23. As the allegations of this paragraph are directed against another party, no response is needed. If a response is deemed required, denied.

## THIRD CLAIM FOR RELIEF
## (WOODSON CLAIM)

24. West incorporates its responses to paragraphs 1 through 23 of the Plaintiffs' Complaint as if fully set forth herein.

25. To the extent the allegations of this paragraph are directed against another party, no response is needed. If a response is deemed required for those allegations, denied. The remaining allegations are denied.

26. To the extent the allegations of this paragraph are directed against another party, no response is needed. If a response is deemed required for those allegations, denied. The remaining allegations are denied.

## FOURTH CLAIM FOR RELIEF
## (STRICT LIABILITY)

27. West incorporates its responses to paragraphs 1 through 26 of the Plaintiffs' Complaint as if fully set forth herein.

28. To the extent the allegations of this paragraph are directed against another party, no response is needed. If a response is deemed required for those allegations, denied. The remaining allegations are denied.

29. To the extent the allegations of this paragraph are directed against another party, no response is needed. If a response is deemed required for those allegations, denied. The remaining allegations are denied.

### FIFTH CLAIM FOR RELIEF
*(RES IPSA LOQUITUR)*

30. West incorporates its responses to paragraphs 1 through 29 of the Plaintiffs' Complaint as if fully set forth herein.

31. To the extent the allegations of this paragraph are directed against another party, no response is needed. If a response is deemed required for those allegations, denied. The remaining allegations are denied.

32. To the extent the allegations of this paragraph are directed against another party, no response is needed. If a response is deemed required for those allegations, denied. The remaining allegations are denied.

### SIXTH CLAIM FOR RELIEF
(PUNITIVE DAMAGES)

33. West incorporates its responses to paragraphs 1 through 32 of the Plaintiffs' Complaint as if fully set forth herein.

34. To the extent the allegations of this paragraph are directed against another party, no response is needed. If a response is deemed required for those allegations, denied. The remaining allegations are denied.

35. To the extent the allegations of this paragraph are directed against another party, no response is needed. If a response is deemed required for those allegations, denied. The remaining allegations are denied.

## SEVENTH CLAIM FOR RELIEF
### (CLASS ACTION)

36. West incorporates its responses to paragraphs 1 through 35 of the Plaintiffs' Complaint as if fully set forth herein.

37. Denied as stated.

38. West has insufficient knowledge or information sufficient to form a belief as to the veracity of the allegations contained in this paragraph, and therefore the allegations are denied and proof thereof demanded.

39. West has insufficient knowledge or information to form a belief as to the veracity of the allegations that Plaintiffs are among the persons described in the Complaint and therefore those allegations are denied and proof thereof demanded. The remaining allegations are denied.

40. To the extent the allegations of this paragraph set forth legal conclusions, no response is needed. If a response is deemed required, those allegations are denied. The remaining allegations are denied.

41. To the extent the allegations of this paragraph set forth legal conclusions, no response is needed. If a response is deemed required, those allegations are denied. The remaining allegations are denied.

42. To the extent the allegations of this paragraph set forth legal conclusions, no response is needed. If a response is deemed required, those allegations are denied. The remaining allegations are denied.

Any allegations in the Plaintiffs' Complaint not otherwise admitted or explained, are denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any alleged liability-producing acts or omissions by West personnel were not a proximate cause of the subject incident, or of any injuries allegedly sustained by the Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' product liability claims, if any, are barred by the provisions of N.C.G.S. § 99B-1 et seq., and all defenses set forth therein.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to take reasonable steps to alleviate or mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

The doctrine of *res ipsa loquitor* is inapplicable under the facts alleged because numerous people not employed by or agents of West had access to the plant and its equipment.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs cannot prove any act or omission by West rose to the level of intent required for a *Woodson* claim.

## SEVENTH AFFIRMATIVE DEFENSE

The named Plaintiffs were not employees of West at the time of the incident, so they cannot bring a *Woodson* claim.

## EIGHTH AFFIRMATIVE DEFENSE

The doctrine of strict liability for ultrahazardous conduct as recognized in North Carolina is inapplicable under the facts alleged and therefore such claims should be dismissed. (See *Kinsey v. Spann*, 139 N.C. App. 370, 533 S.E.2d 487 (2000).)

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages may have been the result of an independent, intervening and superceding cause over which West had no control.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part due to their contributory negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

With respect to plaintiffs' demands for punitive damages, West specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of BMW of North America v. Gore, 116 U.S. 1589 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and State Farm Automobile Ins. Co. v. Campbell, No. 01-1289, 2003 WL 1791206 (U.S. April 7, 2003) together with all such standards applicable under state law.

## TWELFTH AFFIRMATIVE DEFENSE

Consideration of any punitive damages in this civil action would violate the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of the Constitution of North Carolina by allowing standardless discretion to the jury to determine punishment and by depriving West of prior notice of the consequences of its alleged acts.

## THIRTEENTH AFFIRMATIVE DEFENSE

Punitive damages are a punishment, a quasi-criminal sanction for which West has not been afforded the specific procedural safeguards prescribed in the Fifth and Sixth Amendments to the United States Constitution and in the Constitution of North Carolina.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred or limited by the provisions of N.C. Gen. Stat. § 1D.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are inappropriate for handling as a class action for failure to satisfy the requirements of the applicable Rules of Civil Procedure.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are inappropriate for handling as a class action since the common questions of law and fact do not predominate over the individual claims of the class members as required under the applicable Rules of Civil Procedure governing class actions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are inappropriate for handling as a class action since claims of the named Plaintiffs' are not typical of the claims of the class as required by the applicable Rules of Civil Procedure governing class actions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any potential and/or alleged claims by employees of West Pharmaceutical Services, Inc. are subject to the exclusivity provision of the North Carolina Workers Compensation Act.

## RESERVATION AND NON-WAIVER

West reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

WHEREFORE, West hereby requests that the Court:

1. dismiss all claims against West with prejudice;

2. award West its costs and fees, including attorneys' fees; and

3. grant West such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

West respectfully requests a trial by a 12-person jury for all issues.

This the 22nd day of April, 2003.

*[signature]*
Frederick W. Rom, Esq.
Jacqueline Terry, Esq.
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
P.O. Box 13069
Research Triangle Park, NC 27713
(919) 484-2300

Rodney Pettey, Esq.
YATES, MCLAMB & WEYHER, LLP
One Hanover Square
421 Fayetteville Street Mall, Suite 1200
Raleigh, NC 27601
(919) 835-0900

Sean P. Wajert, Esq.
DECHERT, LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

*Attorneys for the Defendant West Pharmaceutical Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DEFENDANT WEST PHARMACEUTICAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT** was sent by first class U.S. mail, postage prepaid, on the 22nd day of April, 2003 to all counsel of record at the addresses noted below:

**ADDRESSEES:**

Donald J. Dunn
245 Craven Street
P.O. Drawer 1574
New Bern, NC 28563
*Counsel for Plaintiffs*

Calvin C. Fayard
D. Blayne Honeycutt
Robert V. Reech
Fayard & Honeycutt
519 Florida Ave., SQ
Denham Springs, LA 70726
*Counsel for Plaintiffs*

Henry T. Dart
Henry Dart, Attorneys at Law
510 N. Jefferson Street
Covington, LA 70433
*Counsel for Plaintiffs*

Allen Usry
Usry, Weeks & Matthews
1717 St. Charles Ave.
New Orleans, LA 70130
*Counsel for Plaintiffs*

Jacqueline Terry